UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA PARTEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:04CV1607 TIA |
| | ) |
| CYNDI PRUDDEN,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Lisa Partee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed November 19, 2004/Docket No. 1). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 1, 1999, Petitioner was convicted by a jury in the Circuit Court of St. Louis City, Missouri, of voluntary manslaughter and armed criminal action. (State v. Partee, 32 S.W.3d 129 (Mo. Ct. App. 2000). On May 28, 1999, the circuit court sentenced Petitioner ten years and ten years imprisonment, the sentences to run consecutively. (Petr. Exh. A). Petitioner appealed the judgment, and on October 3, 2000, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. ( State v. Partee, 32 S.W.3d 129). The Missouri Court of Appeals denied Petitioner's Motion for Rehearing and/or Transfer to the Supreme Court on November 9, 2000, and issued its Mandate on December 21, 2000. ( State v. Partee, 32 S.W.3d 129). On March

---

[1]Petitioner is presently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri. Inasmuch as Cyndi Prudden is superintendent of the facility and thus is Petitioner's custodian, she should be substituted for Patricia Cornell as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

19, 2001, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. (Resp. Exh. B at 5-16). The post-conviction relief court dismissed Petitioner's post-conviction motion on October 16, 2002. (Resp. Exh. B at 103-14). On October 7, 2003, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. C). On November 21, 2003, the Missouri Court of Appeals issued its Mandate. (Resp. Exh. C; Petr. Exh. C). Petitioner pursued no other action for review of her convictions and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on November 15, 2004, and filed in this Court on November 19, 2004, by retained counsel.

Petitioner is currently incarcerated at the Women's Eastern Reception, Diagnostic and Correctional Center in Vandalia, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City. In the instant petition for writ of habeas corpus, Petitioner raises four grounds for relief:

(1) That the trial court erred in admitting an audio tape statement by the victim in violation of her Sixth Amendment right to confront witnesses;

(2) That the trial court erred by permitting the prosecutor to use at trial a prepared transcript of an inaudible tape allegedly incriminating Petitioner;

(3) That Petitioner received ineffective assistance of counsel by her counsel's failure to disclose all evidence of battered wife syndrome at sentencing;

(4) That Petitioner received ineffective assistance of counsel by her counsel's failure to move for recusal of the trial judge because of a conflict of interest based on his relationship to a key government witness; and

(5) That Petitioner received ineffective assistance of counsel to move for removal of a juror who had an inappropriate relationship to the judge, a co-worker of the judge's wife.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss

the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. Respondent first asserts that because Petitioner did not file a motion for rehearing or transfer in the Missouri Court of Appeals or a motion in the Missouri Supreme Court to transfer the case to that court, she is not entitled to the ninety-day period for seeking a writ of certiorari in the United States Supreme Court. Respondent argues that Petitioner's failure to seek transfer to the Missouri Supreme Court asking for discretionary review, Petitioner has waived her right to seek certiorari from the United States Supreme Court, and thus her conviction became final when the time for seeking further direct review in the state court expired. The Eighth Circuit Court of Appeals recently held otherwise specifically finding that Petitioner is entitled to the benefit of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court even though she did not seek transfer to the Missouri Supreme Court. Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir.2007).[2]

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

(I) the conclusion of all direct criminal appeals in the State system, followed by either

---

[2] On May 11, 2007, the Eighth Circuit vacated its panel opinion in Riddle v. Kemna, No. 06-2542, (8th Cir. May 11, 2007), a case relying on Pierson, and has set Riddle for argument before the Court en banc on September 26, 2007.

the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a petition for writ of certiorari upon the conclusion of her direct appeal in this cause, her state court judgment became final upon the expiration of her time to file such a petition. Pierson, 484 F.3d at 495; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Under United States Supreme Court Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. A petitioner who fails to seek discretionary review by the state court of last resort, such as Petitioner in the instant case, has ninety days after her conviction was affirmed on direct appeal to seek certiorari. Pierson, 484 F3d at 495; Nichols, 172 F.3d at 1072. Accordingly, the Eighth Circuit found that "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not filed a motion for transfer to the Missouri Supreme Court." Pierson, 484 F.3d at 495; Nichols, at 1072. In the instant cause, Petitioner's conviction was affirmed on direct appeal on October 3, 2000, and the Missouri Court of Appeals issued the mandate on December 21, 2000. Petitioner had ninety days thereafter in which to file a petition for a writ of certiorari with the United States Supreme Court. Petitioner did not seek certiorari in this cause, thus her state court judgment became final on March 21, 2001, ninety days after her conviction was affirmed on direct appeal. Id. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced March 21, 2002.

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas

petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial in addition to the time during the appeal process, including such time during which Petitioner could seek further appellate review. Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

Petitioner filed a motion for post-conviction relief on March 19, 2001, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on October 7, 2003, when the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The Missouri Court of Appeals issued its mandate on November 21, 2003. (Petr. Exh. C). The limitations period in this cause was tolled from March 19, 2001, through November 21, 2003. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (application for state post-conviction review is pending until the mandate is issued). Petitioner signed the instant petition on November 15, 2004, and her retained counsel filed the petition on November 19, 2004, 363 days after the conclusion of appellate review of her post-conviction motion. On the record before the Court, therefore, it appears that the instant petition was timely filed under 28 U.S.C. § 2244(d).[3] Because Respondent declined to address the merits in the Response to Order to Show Cause, the undersigned

---

[3]Nonetheless, the undersigned notes that if the Eighth Circuit en banc disagrees with the holding in Pierson, Respondent would be correct that the instant habeas petition is barred by the statute of limitations. The possibility that a future en banc decision might change in the Pierson holdings does not allow for a revisiting of those issues in the instant case.

will direct the Respondent to file a supplemental pleading addressing any other reasons it has for why the petition should not be granted along with any additional necessary exhibits.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent shall file an additional Response to the Order to Show Cause addressing the merits of the claims asserted in Petitioner Lisa Partee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed November 15, 2004/Docket No. 1) no later than November 26, 2007.

**IT IS FURTHER ORDERED** that in the event Petitioner chooses to file a Traverse that he do so no later than January 3, 2008; failure to file a Travers within this period may waive the right to file a Traverse.

Dated this  31st   day of October, 2007.

                                                   /s/ Terry I. Adelman
                                                UNITED STATES MAGISTRATE JUDGE